# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARY FEEZOR,<br><br>                Plaintiff,<br>vs.<br><br>OTAY LAKES ROAD, L.P., et al.,<br><br>                Defendant. | CASE NO. 07cv0335 BTM(LSP)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR ATTORNEY'S FEES AND COSTS** |

Plaintiff Lary Feezor ("Plaintiff") has brought a motion for attorney's fees and costs against Defendant Thrifty Payless, Inc., dba Rite Aid ("Rite Aid"). For the reasons discussed below, Plaintiff's motion is **GRANTED IN PART** and **DENIED IN PART**.

## I. BACKGROUND

On February 21, 2007, Plaintiff filed this action against defendants Otay Lakes Road, LP; Sutherland Management Co. dba McDonald's #14228; Golden Arch Limited Partnership; Thrifty Payless, Inc. dba Rite Aid #5617; WEC 98-G-3, LLC; Capitas Group, LLC dba Arby's # 7057; The Vons Companies, Inc. dba Vons #2071; Blockbuster, Inc. dba Blockbuster Video # 6682; Lahorian Capital Group, Inc. dba IHOP # 827; IHOP Corp.; IHOP Properties, Inc.; Michael M. Schreter, Trustee of the Michael M. and Barbara J. Schreter Trust dated July 21, 1989 (aka the MBS Trust, July 21, 1989) as amended and restated; and, Barbara J. Schreter, Trustee of the Michael M. and Barbara J. Schreter Trust dated July 21, 1989 (aka the MBS Trust, July, 21, 1989) as amended and restated. The Complaint alleges that Plaintiff, a paraplegic

who uses a wheelchair and a mobility-equipped vehicle when traveling about in public, encountered a number of architectural barriers at the facilities located within the Eastlake Village Shopping Center located at 2230-2290 Otay Lakes Road, Chula Vista , California. The Complaint asserts violations of the ADA, 42 U.S.C. § 12101 et seq., California's Unruh Act (Cal. Civil Code § 52), Cal. Civ. Code § 51, and California's Disabled Persons Act.

By December 28, 2007, all of the defendants, except Rite Aid and WEC 98G-3 LLC, were dismissed from the action. On November 26, 2007 plaintiff accepted a Rule 68 Offer by Rite Aid. The Rule 68 Offer provided for injunctive relief, a payment of damages in the amount of $4,001.00, and reasonable attorney's fees and costs. On December 20, 2007, the Court granted judgment in favor of Plaintiff and against Rite Aid in accordance with the Rule 68 Offer.

## II. LEGAL STANDARD

Under 42 U.S.C. §12205, the "prevailing party" in an ADA action can recover "reasonable attorney's fees, including litigation expenses, and costs." Likewise, the prevailing plaintiff is entitled to fees and costs under California's disability access laws. See Cal. Civ. Code §§ 52(a), 54.3(a), 55. Judgment was entered in favor of Plaintiff. Therefore, Plaintiff is a "prevailing party."

The amount of the prevailing party's reasonable attorney's fees is calculated by utilizing the lodestar method. Camacho v. Bridgeport Financial, Inc., __ F.3d __, 2008 WL 1792808, *3 (9th Cir. 2008). To calculate the "lodestar," the court multiplies the number of hours the prevailing party reasonably expended on the litigation by a reasonable rate. Morales v. City of San Rafael, 96 F.3d 359, 363 (9th Cir. 1996). There is a strong presumption that the lodestar figure represents a reasonable fee. Harris v Marhoefer, 24 F.3d 16, 18 (9th Cir. 1994).

However, courts may adjust the lodestar figure upward or downward based upon the following factors enunciated in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975): (1) the time and labor required, (2) the novelty and difficulty of the questions involved,

(3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. "Among the subsumed factors presumably taken into account in either the reasonable hours component or the reasonable rate component of the lodestar calculation are: (1) the novelty and complexity of the issues, (2) the special skill and experience of counsel, (3) the quality of representation (4) the results obtained and (5) the contingent nature of the fee agreement." Morales, 96 F.3d at 364 n. 9.

### III. DISCUSSION

#### A. Attorney's Fees

Plaintiff seeks attorney's fees in the amount of $10,591.25. The breakdown of the requested fees is as follows:

| Name | Hours | Rate | Total |
| --- | --- | --- | --- |
| Lynn Hubbard, III | 24.95 | $350/hr | $8,732.50 |
| Lynn Hubbard, III (travel) | 4.00 | $175/hr | $ 700.00 |
| Scottlynn J. Hubbard, IV | .75 | $225/hr | $ 168.75 |
| Paralegals | 11.00 | $ 90/hr | $ 990.00 |

As detailed below, the Court will not grant the full amount requested. The Court makes reductions for, among other things, excessive time spent on certain tasks, work that should not be billed to the client, work performed by Lynn Hubbard that could have been performed by a more junior attorney, and clerical tasks performed by paralegals.

1. Lynn Hubbard's Fees

Rite Aid argues that the fees claimed by Lynn Hubbard are excessive. Rite Aid

argues that the hourly rate of $350 per hour (for non-travel time) is not reasonable given that no novel or complex issues were raised by the case, the parties did not engage in discovery, and no motions (other than the instant motion for attorney's fees) were filed.  Rite Aid reasons that a more junior attorney, such as Scottlynn Hubbard, could have performed the work billed by Lynn.  Scottlynn billed less than an hour on this case.  The Court agrees that the hourly rate of $350 is excessive given the type of work done and finds that $250 an hour is reasonable.

Rite Aid also argues that the fees for certain tasks should be divided among the nine defendants who were still in the case at the time.  For example, Rite Aid claims that it should be held responsible for only 1/9 of the fees billed for a trip to San Diego for meet and confer inspections at the shopping center and for travel time and attendance at the ENE.  The Court will divide the fees incurred in connection with the meet and confer inspections and the ENE.  However, only four defendants had answered at the time of the meet and confer inspections, and only three defendants attended the ENE.  Therefore, the fees in question will be divided by four or three, whichever is applicable.

Rite Aid challenges specific time entries on the ground that they should not be compensable or are excessive.  As detailed below, the Court agrees that a number of these time entries should be disallowed or reduced.

| Date | Description | Time Billed | Time Allowed | Reason for Reduction |
|---|---|---|---|---|
| 1/25/07 | Conflict check | .30 | 0 | Unclear whether conflict check was for Rite Aid defendants.  Plaintiff's counsel has filed multiple complaints against Rite Aid. |
| 2/20/07 | Letter to client re: fee agreement | .15 | 0 | Not a billable task |
| 2/20/07 | Create client fee agreement | .25 | 0 | Not a billable task. |

| Date | Description | Time Billed | Time Allowed | Reason for Reduction |
|---|---|---|---|---|
| 4/10/07 | Review letter from defense counsel re: extension of time for Rite Aide to respond to Complaint | .20 | .10 | Letter was a two-sentence letter that would take no more than a minute to review. |
| 4/13/07 | Review Notice of Noncompliance with Local Rule 5.4(a) Mandatory Electronic Filing | .10 | 0 | Notice is not a substantive notice or order that requires time to review. |
| 4/17/07 | Travel to and from San Diego for meet and confer at subject property | 2 | .5 | Time is equally divided among four defendants who had answered the Complaint. |
| 4/17/07 | Meet and confer at subject property | 1 | .2 | Time is equally divided among four defendants who had answered the Complaint. |
| 4/20/07 | Letter to defense counsel re: settlement demand | .70 | .50 | Much of settlement letter was form language |
| 4/27/07 | Letter to defense counsel re: ownership of Rite Aid Property | .70 | .20 | Letter was very brief and did not require 42 minutes to draft. |
| 5/1/07 | Travel to and from San Diego for ENE | 2 | .7 | Time is equally divided among three defendants who attended the ENE |
| 5/1/07 | Attend ENE | 1.5 | .5 | Time is equally divided among three defendants who attended the ENE. |
| 7/23/07 | Review Defendants' Initial Disclosures; meet with Crista [paralegal] regarding defendants' witnesses | .70 | .50 | Initial disclosures were very brief and identified only two witnesses. |
| 9/13/07 | Review letter from defense counsel re: status of settlement negotiations | .15 | .10 | Three-sentence letter did not require more than a minute to review. |
| 10/3/07 | Review letter from defense counsel re: status of Offer of Judgment | .20 | .10 | One paragraph letter did not require more than a minute to review. |

| Date | Description | Time Billed | Time Allowed | Reason for Reduction |
|---|---|---|---|---|
| 10/29/07 | Prepare Disclosure of Plaintiffs Expert, Ronald Wilson | .65 | .20 | Plaintiff's counsel has form expert witness disclosure for Ronald Wilson. |
| 10/30/07 | Review Defendants' Designation of Expert Witness; phone call with client | 1.30 | .50 | Expert witness designated by Rite Aid has been used numerous times in past litigation with Plaintiff's counsel. Vague description regarding phone call with client. |
| 11/13/07 | Review Defendants' Supplemental Designation of Expert Witness; phone call with Plaintiff's expert. | .90 | .50 | Expert witness designated by Rite Aid has been used numerous times in past litigation with Plaintiff's counsel. |
| 12/21/07 | Prepare Bill of Costs | 2.00 | .7 | Simple form should not require the requested time. |
| 12/28/07 | Prepare Plaintiffs Motion for Attorney Fees | 4.00 | 3.00 | Appears to be a form motion that was also filed in another case. (Def.'s Ex. 19.) |

The Court finds the other hours spent to be reasonable.

Taking into account the reduction of hours detailed above, the Court will allow the recovery of 17.25 hours worked by Lynn Hubbard at the rate of $250 and 1.2 hours at the rate of $175, for a total of $4,522.50. No upward or downward adjustment to the lodestar amount is warranted.

2. <u>Scottlynn Hubbard's Fees</u>

Although Rite Aid does not object to the amount of time billed by Scottlynn (.75 hours), Rite Aid argues that a reasonable rate for an associate attorney in the Eastern District of California is $150 per hour. However, "[g]enerally, when determining a reasonable hourly rate, the relevant community is the forum in which the district sits." <u>Camacho v. Bridgeport Financial, Inc.</u>, __ F.3d __, 2008 WL 1792808, *4 (9th Cir. 2008). The Court finds that $225 per hour is a reasonable hourly rate for an experienced senior associate (<u>see</u> Def.'s Ex. 19) in the Southern District of California. Accordingly, the Court will allow recovery of the

$168.75 in fees billed by Scottlynn Hubbard.

### 3. Paralegal Billing

Rite Aid requests that the Court reduce the paralegals' hourly rate to $75. However, the Court finds that $90 per hour is a reasonable rate in this district.

Rite Aid seeks a reduction of the hours billed by the paralegals on the ground that excessive time was spent on certain tasks. Rite Aid also seeks a reduction of the hours on the ground that the paralegals billed for the performance of clerical tasks.

Time spent on filing, document organization, and other clerical matters should not be billed at a paralegal rate, but, rather should be accounted for by a law firm's overhead. See Jones v. Wild Oats Markets, Inc., 467 F. Supp. 2d 1004, 1016 (S.D. Cal. 2006). Therefore, the Court will not allow recovery for time spent by paralegals on purely clerical tasks such as creating files and filing documents with the Court.[1]

The Court makes the following reductions due to excessive time spent on the task or the clerical nature of the task:

| Date | Description | Time Billed | Time Allowed | Reason for Reduction |
|---|---|---|---|---|
| 2/5/07 | Create client file | 1.00 | 0 | Clerical |
| 3/19/07 | Received Proof of Service of Summons and Complaint on WEC; file with Court | .35 | 0 | Clerical |
| 4/10/07 | Serve Plaintiffs Early Neutral Evaluation Statement on defense counsel | .30 | 0 | Clerical |
| 4/16/07 | Letter to defense counsel re: confirming date and time for meet and confer at the subject property | .30 | .20 | Short letter did not require more than 10 minutes to draft. |

---

[1] Rite Aid argues that "calendering" is clerical in nature. However, the Court will allow recovery for time "calendering" because part of a paralegal's job is calculating the deadlines for certain tasks, which is done by properly calendering events.

| Date | Description | Time Billed | Time Allowed | Reason for Reduction |
|---|---|---|---|---|
| 4/16/07 | Received Defendant Rite Aid's Answer to Plaintiffs Complaint; update file with attorney information | .40 | 0 | Clerical |
| 4/16/07 | Calendar meet and confer between the parties at the subject property | .30 | .1 | No more than a few minutes required to calendar event |
| 4/27/07 | Fax letter dated 4/27/07 to defense counsel | .30 | 0 | Clerical |
| 5/7/07 | Phone call with defense counsel for WEC re: extension of time to respond to Plaintiff's Complaint | .30 | .20 | Rite Aid's counsel recalls that the telephone call did not last longer than 10 minutes |
| 5/14/07 | Received Defendant WEC's Answer to Plaintiffs Complaint; update file | .40 | 0 | Clerical |
| 7/12/07 | Instruct Cori to serve Plaintiffs Initial Disclosures on defense counsel | .20 | .10 | 5 minutes sufficient time to give instructions re: service |
| 7/19/07 | Instruct Cori to send a letter to Magistrate Judge Papas re: lodging Joint Discovery Plan | .20 | .10 | 5 minutes sufficient time to give instructions re: letter |
| 10/17/07 | Left message with defense counsel re: status of settlement negotiations | .20 | .10 | A 12-minute voice mail message was not received and is unlikely |
| 10/29/07 | Gather exhibits to and file Disclosure of Plaintiffs Expert, Ronald Wilson, with the Court | .60 | .30 | Same expert witness disclosure and exhibits were filed earlier in another case. (Def.'s Ex. 14.) Time spent filing not recoverable. |

| Date | Description | Time Billed | Time Allowed | Reason for Reduction |
|---|---|---|---|---|
| 11/26/07 | Gather exhibits to and file Plaintiffs Acceptance of Offer of Judgment with the Court | .30 | 0 | The only exhibit to the Acceptance of Offer was the Rule 68 Offer itself. Time spent filing not recoverable. |

The Court finds the other hours spent to be reasonable.

Taking into account the reductions, the Court will allow recovery of 6.95 paralegal hours at the rate of $90, for a total of $625.50.

## B. Litigation Expenses and Costs

The Court has reviewed the litigation expenses and costs and finds them to be reasonable with the exception of (1) the costs that were already awarded in the Order Taxing Costs filed on January 24, 2008, and (2) the cost of the financial report regarding defendant, which was unnecessary because Plaintiff's counsel already has a number of these reports in connection with other actions filed against Rite Aid.

Subtracting the $350 for filing fees, $123 for service of the summons and complaint, and $550 for the financial report, the Court awards $2,244.15 for litigation expenses and costs.

## III. CONCLUSION

For the reasons discussed above, Plaintiff's motion for attorney's fees and costs is **GRANTED IN PART** and **DENIED IN PART**. The Court awards Plaintiff attorney's fees in the amount of $5,316.75 and costs in the amount of $2,244.15, for a total award of $7,560.90. The Clerk shall enter judgment accordingly.

**IT IS SO ORDERED.**

DATED: July 9, 2008

Honorable Barry Ted Moskowitz
United States District Judge